**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**

---

ANTHONY TURKALY,
            Plaintiff,

    vs.

TRANS UNION, LLC, and
WFS FINANCIAL, INC.,
            Defendants.

CASE NO. 1:08-cv-03885

Judge James F. Holderman

---

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND**
**AFFIRMATIVE DEFENSES**

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**I.    Preliminary Statement**

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq., as amended.*

**ANSWER:**  Trans Union denies the statements contained in this paragraph to the extent they allege that Trans Union violated the FCRA.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

**II.    Jurisdiction and Venue**

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### III.    Parties

3.      Plaintiff, Anthony Turkaly, is an adult individual and citizen of the State of Florida.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

4.      Defendant, Trans Union, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

**ANSWER:** Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

5.      Defendant, WFS Financial, Inc., is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is located in the State of California.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

### IV.    Allegations

### COUNT ONE VIOLATIONS OF FCRA v. TRANS UNION, LLC

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:**  Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph, and so stating, denies them.

7.    The inaccurate information of which Plaintiff complains is an account, or trade-line, named WFS Financial, Inc. Specifically, Plaintiff asserts that WFS Financial, Inc. is reporting an account for an auto loan that was supposed to be paid off by a dealership when Plaintiff traded in the automobile and purchased a new automobile. Despite providing Defendant with notice to the contrary, Defendant has disseminated credit reports and/or information that the account is accurately reported as past due and owing.

**ANSWER:**  Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

8.    The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:**  Trans Union states that it is insufficient knowledge at this time to admit or deny the allegations of this paragraph.

9.    The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:**  Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

10.    In February of 2008, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

11.    Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

12.    Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

**ANSWER:**    Trans Union denies the allegations contained in the first part of this paragraph that it deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA.  Trans Union states that it has insufficient knowledge at this time to admit or deny the remaining allegations of this paragraph and, so stating, denies them.

13.    Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a.    Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

b.    Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

c.    Decreased credit score which may result in inability to obtain credit on future attempts.

**ANSWER:**  Trans Union has insufficient knowledge to admit or deny the allegations of this paragraph and its subparts and denies that the alleged damages were proximately caused by Trans Union.

14.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

15.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

16.    At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq.*

17.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

18.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

19.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b)    willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(c)    willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

(d)    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(e)    willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(f)    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and

file, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**  Trans Union denies the allegations contained in this paragraph and its subparts.

20.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

## COUNT TWO VIOLATIONS OF FCRA v. WFS

## FINANCIAL, INC.

21.    Plaintiff re-alleges and incorporates paragraphs 1 – 20 as if fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

22.    At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

23.    This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency;

(b)    willfully and negligently failing to review all relevant information

concerning Plaintiff's account provided to this Defendant by the aforesaid credit reporting agency;

(c)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph and its subparts.

24.    This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

### V.    Jury Trial Demand

25.    Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

### VI.    Prayer for Relief

WHEREFORE, Plaintiff, ANTHONY TURKALY, seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e)    An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)    An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)    Such other and further relief as may be necessary, just and proper.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any of the relief requested in this paragraph and its subparts from Trans Union.

### AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.    Any state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681(t).

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

_s/ Christopher T. Lane_
Christopher T. Lane, Esq. (IL #21704-49)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN 46204
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: clane@schuckitlaw.com

_Counsel for Trans Union, LLC_

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINITFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** has been filed electronically on the **30th day of July, 2008**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Larry P. Smith, Esq. | Alyssa H. Blackwell, Esq. |
|---|---|
| lsmith@lpsmithlaw.com | ablackwell@lpsmithlaw.com |
| David Luther Hartsell | Brian Patrick O'Meara |
| dhartsell@mcguirewoods.com | bomeara@mcguirewoods.com |

The undersigned further certifies that a true copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINITFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **30th day of July, 2008**, properly addressed as follows:

| None | |
|---|---|

*s/ Christopher T. Lane*
Christopher T. Lane, Esq. (IL #21704-49)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN 46204
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: clane@schuckitlaw.com

*Counsel for Trans Union, LLC*